## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**JOHN LEO NORMAN,**

   **Plaintiff,**

**v.**            **CASE NO. 1:04-cv-00005-MP-AK**

**MARY BAUER,**
**et al,**

   **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the Defendants violated the First Amendment by denying him access to the courts. (Doc. 27). Defendants have filed a motion for summary judgment (doc. 42), with supporting memorandum (doc. 61),[2] to which Plaintiff has responded. (Doc. 82). Having considered said motion, the undersigned is of the opinion that it should be granted and this cause should be dismissed.

**I. Allegations of the Second Amended Complaint (doc. 27).**

Plaintiff alleges that he entered the Alachua County Jail on October 3, 2003, with a

---

[1] The undersigned previously recommended that this cause be dismissed for failure to prosecute based on 10 instances of mail being sent to Plaintiff and returned as undeliverable. (See Docs. 47, 50, 51, 52, 60, 66, 69, 70, 90, 95). These recommendations were rejected based on Plaintiff's objections and current address information, which appears to be accurate and no further returns have been noted on the docket.

[2] The supplement includes an affidavit from Mary Bauer, whom the other Defendants initially contended had not been properly served. (Doc. 42, p. 2). However, the Court held that Bauer had waived sufficiency of process as a defense and she should file her own special report/summary judgment motion. (See Doc. 36). Instead, she adopted the special report of the other defendants (doc. 38) and filed the supplement to include her affidavit for consideration. (Doc. 61).

pending appeal in Georgia that he was litigating[3] and an illegal sentence he was challenging in Sarasota, Florida. (Doc. 1, p. 7). Plaintiff claims that he requested law library time and stamps from Defendant Calvin to prepare and mail a motion to dismiss, but Defendant Calvin denied the requests forcing Plaintiff to sell his food to buy stamps. The motion to dismiss was denied on October 28, 2003.

Plaintiff then claims that Defendant Calvin denied him stamps to mail a Motion for Speedy Disposition requesting a hearing in Circuit Court and again he was forced to sell food to buy two stamps, which was not enough postage for the mailing. Plaintiff contends that the motion was ultimately denied because Plaintiff included wrong citations.

He then filed an Informal Grievance on October 31, 2003, directed to Defendant Chapman, requesting postage, envelopes and a black pen to prepare an appeal.

On November 16, 2003, Plaintiff was allegedly denied postage to mail a motion to compel in the Sarasota case, which was also denied because Plaintiff used the wrong citations.

Plaintiff also filed grievances with Defendant Chapman complaining that the law library did not include a Sheppard's citation service nor was he allowed sufficient library time, which would have allowed him to cite the correct cases In his motions.

Two other requests for law library time on December 1 and 3, 2003, directed to Defendant Calvin, were denied by Defendant Bauer. On December 10, 2003, a motion to correct illegal sentence was returned for lack of postage, and Plaintiff contends that the

---

[3] Plaintiff asserts no claims against any of the Defendants based on allegations of hindering access to the court relative to this proceeding and provides no documents or other information about the Georgia case.

motion was ultimately denied in part because of the wrong citations.

Plaintiff requested of Defendant Calvin additional law library time to prepare a "Nelson Inquiry and Faretta hearing," which Defendant Bauer denied because Plaintiff had an attorney.

On December 30, 2003, Plaintiff filed an "appeal to the collateral attack," and requested envelopes to mail it, but was denied.

On January 4, 2004, Plaintiff requested additional law library time to prepare an initial brief, but Defendant Bauer gave him only 15 minutes.

On January 25, 2004, Defendants Hudson and Swallows allegedly told Plaintiff there would be no free postage for legal mail.

On January 29, 2004, Plaintiff contends that the jail failed to give Plaintiff the denial of his post-conviction motion.

Plaintiff seeks only "injunctive relief on the cases the Plaintiff was attacking on post-conviction relief as well as the case with the failed Nelson/Faretta hearing...."

a)    <u>First Appearance Order (Exhibit A)</u>

Plaintiff received a first appearance on two charges arising from Sarasota County and was denied a public defender by Order dated October 6, 2003.

b)    <u>Inmate Request dated October 11, 2003 (Exhibit B)</u>

Addressed to Defendant Calvin, Plaintiff asks: "I am pro se on pending cases as well as Sarasota case # 99-14787-F which I was served the warrant with here I'm indigent and need postage or blank envelopes to access the Courts, as well as law library time can you please assist me?"

c)    <u>Motion to Dismiss in Case No. 99-14787-F (Exhibit C)</u>

Plaintiff prepared the motion to be filed in the Circuit Court for the Twelfth Judicial Circuit in Sarasota Florida in Case No. 99-14787-F seeking dismissal of the violation of probation. The motion appears to have been prepared for mailing some time in October, 2003, and includes a citation to Rule 3.190, Florida Rules of Criminal Procedure.

d) <u>Inmate Request Form dated October 19, 2003 (Exhibit D)</u>

Plaintiff directs the request to Defendant Calvin asking: "Maam, I need law library time badly, I am a law clerk in the state of Fla., I'm pro se on these up coming cases and Sarasota cases. I have filings that need postage and I'm indigent right now, Please assist me. Thanks."

e) <u>Order dated October 28, 2003, from Circuit Judge Haworth (Exhibit E)</u>

Order denying Motion for Transportation and Order denying Motion to Dismiss states, "This cause came before the court on the pro se motions for transportation and to dismiss from the above named defendant, and the court having reviewed the court file and being otherwise advised in the premises, it is Ordered that the motions for transportation and to dismiss are DENIED."

f) <u>Inmate Request dated October 28, 2003 (Exhibit F)</u>

Directed to Defendant Calvin, Plaintiff requests: "I'm indigent and have no funds to send out legal work, which basicly [sic] denies me access to the Courts. I surely need your assistance to gain legal correspondence envelopes, as outlined for inmates in the D.O.C. 33's, as well as Fla. Stat., as well as my need for library time (law purposes). Thank You!"

g) <u>Demand for Speedy Disposition dated October 30, 2003 (Exhibit G)</u>

Plaintiff filed this pro se motion in Sarasota seeking a revocation hearing citing rule 3.121, Florida Rules of Criminal Procedure, Fla. Statute 948.06(4), and two cases, for the

proposition that he is entitled to a hearing within 10 days of his arrest or he must be released.

h)      Informal Grievance dated October 31, 2003 (Exhibit H)

The grievance is directed to a person whose name is indecipherable and requests: "As an indigent inmate fighting a case pro se, I'm unable to mail legal documents with (2) envelopes a week.  I've asked for legal envelopes with no response.  This clearly violates my access to the Courts violating my right to due process.  This prepares me for a 1983 claim."

i)      Informal Grievance dated November 1, 2003 (Exhibit I)

Directed to Jail Director, Plaintiff asks, "Sir, I'm pro se litigant, I've requested envelopes to mail legal work under indigent status, I only get (2) two a week not enough to mail legal work.  Also under Rules of Court App. Proc. 9.140 (9) as well as 9.120(f) to mail original documents in blue ink violates these rules.  I need paper as well.  To deny me these products is to deny my access to the Courts which denys [sic] my right to due process."

j)      Order dated November 5, 2003 (Exhibit J)

Order denying Demand for Speedy Disposition, which states "The court received a demand for speedy disposition from the above named defendant on a pending violation of probation, and the Court having reviewed the court file and being otherwise advised in the premises, it is ORDERED that the demand for speedy disposition is denied.  The speedy trial rule does not apply to a proceeding to revoke probation.  Gonzalez v. The State of Florida, 447 So.2d 381 (Fla. 3d DCA 1984). " Signed by Circuit Judge Lee Haworth.

k)      Inmate Grievance dated November 13, 2003 (Exhibit K)

Plaintiff asks: "This inmate is an indigent pro se litigant, unable to access the Courts with the allotted amount of stamped envelopes, due to the motions being filed with Alachua County and Sarasota County to satisfy the Defendant's Constitutional Right to Access the Court. This inmate/defendant has filed numerous request with negative response. Clearly violating the Defendant's due process rights protected by the Constitution fo the United States. I've asked officers to assist, I've been told to borrow envelopes from others, which clearly violates ASO Jail Rule for Bartering to receive enough stamped envelopes to be able to file this Defendant's legal needs or deny the inmate and prepare him for a clear 1983 civil claim in federal court."

l)  Motion to Compel (Exhibit L)

Plaintiff filed this motion on November 16, 2003, in Sarasota pursuant to Rule 3.700(c), Florida Rules of Criminal Procedure, and Florida Statute 948.06, to compel the court to transfer him to Sarasota for a hearing. Plaintiff cited two cases.

m)  Order denying Motion to Compel (Exhibit M)

Dated November 20, 2003, and signed by Circuit Judge Lee Haworth, it states: "The Court received a motion to compel from the above named defendant on a pending violation of probation and the Court having reviewed the court file and being otherwise advised in the premises, it is ORDERED that the motion to compel is denied."

n)  Inmate Request Form dated November 30, 2003 (Exhibit N)

Directed to Defendant Calvin, he asks: "Please allow me some law library time, as I have continued research needed to be done." The response was signed by Defendant Bauer and stated, "Tell the Pod Officer."

o)  Inmate Request dated December 3, 2003 (Exhibit O)

Directed to Defendant Calvin, Plaintiff requests: "Please allow me some law library time, as I need to research some cases and gain some copies of my motion."  The response was signed by Defendant Bauer and stated, "Talk to the Pod Officer."

p)    Informal Grievance dated November 28, 2003 ( Exhibit P)

Directed to Defendant Chapman, Plaintiff stated: "Under F.S. 944 as well as Chapter 33 of Fla. Administrative Code, I'm entitled to legal mail postage if I'm indigent!  Well, I'm indigent and I'm pro se, I need to gain access to legal mail envelopes to send my filings to the Courts.  Please do not deny my access to the courts."  The response from Defendant Bauer is, "According to Court records, you are not pro se."

q)    Inmate Grievance Form dated November 29, 2003 (Exhibit Q)

Grievance Statement: "I have filed with Sgt. Calvin, Lt. Cloutier, as well Major Chapman regarding the need by this indigent pro se litigant to have legal mail postage, which must be given to indigents under Fla. Stat. 944 as well as Chapter 33 of Fla. Admin. Code.  To deny me postage and envelopes is to deny me, my right under the Const. of Fla. Art. 159 being due process as well as Art. 1 §21 which is access to the Courts as well as my right to due process under the 14th Amend. of the Const. of the United States, continually no one will reply, which show negative response.  The denial of legal postage can and will be construed as a civil rights violation, thus preparing this pro se litigant for a 1983 civil rights claim and lawsuit.  Remedy sought: To receive proper envelopes for the mailing of legal documents and postage and legal materials."  The response was: "Our record shows you're not pro se.  If you're indigent , you can order your indigent pack from commissary!"

r)    Inmate Grievance Form dated December 8, 2003 (Exhibit R)

Grievance Statement: "This is an appeal of the attached grievance, the response states I'm not pro se here, check the court file I've been filing here as well #01-2003-CF-002733-A, then check Sarasota case file 99-14787-F, then check GA W03-80134 Decatur. I am pro se in these jurisdictions. That is irrelevant though because represented by counsel or not access to the courts is my right under Art. 1§21 of the Const. of Fla. See Lewis vs. Casey, 116 S.Ct. 2174 (U.S. 1996). I need envelopes to make contact with the courts here as well as elsewhere, "YOU HAVE TO PROVIDE LEGAL ENVELOPES AND LEGAL MATERIALS" Thank you for helping my civil rights claims as well as my suit. (You can review the response, see me!). Remedy sought: Legal mail envelopes and postage (legal materials)."

s)    Informal Grievance dated December 10, 2003 (Exhibit S)

"At mail call this date (2) two pro se filing which were sent in sealed envelopes to the Office of State Attorney and Clerk of Court Sarasota County, were returned for lack of postage (which should have been sent as I'm indigent) when Officer handed out mail the above legal mail was opened prior to coming to pod. Offc. Mata handed me the envelopes violating my rights again." The response was: "Any mail that leaves this facility to the outside and comes back in will be opened and searched." Attached is the envelope returned for postage and stamped by the Jail on December 9, 2003.

t)    Inmate Request dated December 13, 2003 (Exhibit T)

Directed to Sgt. Calvin only, Plaintiff requests: "I have Court this week and Im having a Nelson Inquiry, as my filings here as well as Sarasota make me pro se and in serious need of law library time I have not had law library time since 11-28-03, Thank You!" The response came from Defendant Bauer and stated: "1. You have an attorney. 2. Your pod

has a library schedule-that is when you go."

u)      <u>Motion to Correct Illegal Sentence dated December 8, 2003 (Exhibit U)</u>

Filed pursuant to Rule 3.800 (a), Florida Rules of Criminal Procedure, the motion attacks the sentence(s) received following a trial in the Circuit Court of the Twelfth Judicial Circuit held on March 13, 2000.

v)      <u>Response to Grievance Appeal dated 12/08/03 (see Ex. R) (Exhibit V)</u>

"According to Sgt. James, who inquired this morning about any current legal mail you need postage for, you have already mailed your legal mail any future outgoing legal mail will be handled in accordance with directive #724, providing postage for legal mail if you are found to be indigent at the time received in the mail room."

w)      <u>Inmate Request dated December 24, 2003 (Exhibit W)</u>

"I requested some envelopes for the purpose of legal correspondence. I would like (4) please."

x)      <u>Order dated December 18, 2003 (Exhibit X)</u>

Order Granting in Part and Denying in Part Motion to Correct Illegal Sentence. Circuit Judge Lee Haworth granted Plaintiff's motion insofar as he amended the sentence to grant Plaintiff an additional 510 days jail credit, but denied it in all other respects.

y)      <u>Inmate Request dated December 30, 2003 (Exhibit Y)</u>

Directed to Classification Mrs. Keith, Mr. Rodriguez, or Ms. Lisa: "I've sent requests to gain envelopes for an appeal on a motion that was granted in part and denied in part from Sarasota. I need to send the Appeal to Clerk, State Attorney, Attorney General (3 ) envelopes please and I need (2) envelopes for (2) two other filings. I'm on a time frame with this appeal, Please assist."

z)      Inmate Grievance (Exhibit Z)

[The grievance statement is indecipherable]

Response: "We do not add postage to inmate mail unless Classification confirms indigency and makes a specific request for postage." [the remainder is indecipherable].

aa)     Duplicate of Exhibit Y

bb)     Inmate Request dated January 4, 2004 (Exhibit BB)

"Sgt. Calvin; I have received reply to one of my pro se filings and I need to get law library time to prepare a Brief for the Appeal, I'm on a time frame and I haven't been to the law library in over (2) weeks.  Please assist me."

Response from Defendant Bauer: "Your pod is allowed library time, when you may avail yourself of those resources.  Please note that, per your rule book, any further duplicate requests will be destroyed."

cc)     Inmate Request Form dated January 5, 2004 (Exhibit CC)

"I've tried to get copied a motion (civil rights complaint and exhibits) Offc. July contacted the law library and trustee came and took the exhibits, when they returned only 6 pages were copies of the total, thus denying access to the courts again.  See Bounds vs. Smith, 97 S.Ct 1491 assist inmates in preparation and filing of meaningful legal papers, copies must be made regardless of amount of pages."

dd)     Inmate Request Form dated January 5, 2004 (Exhibit DD)

"Mr. Pata, or Ms. Lisa, I've yet received legal envelopes to mail legal mail out.  See Bounds vs. Smith, 97 S. Ct. 1491, Court held it mandatory to provide indigent inmates pens paper to draft legal documents and postage please provide me envelopes for notice of appeal (3) and civil rights complaint 42 U.S.C. §1983 (2) Thanks"

ee)    Inmate Request Form dated January 6, 2004 ( Exhibit EE)

"Mr. Pata, Ms. Lisa I have requested legal mail envelopes (5) I've given the info of they will be sent to, with negative response.  I have only 6 days to get the appeal in, in Sarasota, I need the (3) appeal envelopes and (2) for a complaint I'm filing."

ff)    Inmate Request Form dated January 6, 2004 (Exhibit FF)

"I have a 42 U.S.C. §1983 complaint that has to be sent to Federal Court, the document is (28) pages, I need (2) two copies to file under the following case law.  You cannot deny this request.  Bounds vs. Smith, 97 S.C. 1491 (1998).  Read these cases Lewis vs. Casey,. 116 S.Ct. 2174 (1996) Tell the Supreme Court I can only have (6) copies of each document."

gg)    Inmate Request Form dated January 10, 2004 (Exhibit GG)

"Sgt. Calvin, I saw you the other nite you told me to put in another request to go to the law library, I haven't had my time in the law library since Dec. 20, 2004.  I desperately need at least an hour and to get my motion copied.  Thank you."  Response: "Per policy you are to use your regular library hours for the law library."

hh)    Inmate Grievance dated January 17, 2004 (Exhibit HH)

"The response to the grievance is"Misplaced and Violates this Inmate's rights to access the Courts" See Classification's response to Grievance #03-360; Classification has clearly stated this inmate is indigent since October 3, 2003, not to provide postage denies access to the courts; violation of Article 1 Section 21 Const. of Fla and 14th Amend. of Const. of United States.  See: Lewis vs. Casey, 116 S.Ct. 2174 (U.S. 1996) and Bounds vs. Smith, 97 S.Ct. 1491 (1977) Indigents must be provided legal materials, postage to access the courts, to open legal mail violates XII General Mail ACO Jail Handbook Section

E, as well as violates the privacy act to protect legal defenses. Remedy// To get my legal mail sent and legal mail delivered unopened." Response: "NIC"

    ii)    <u>Motion for Post Conviction Relief with Memorandum (Exhibit II)</u>

Prepared for filing in January 2004, in the Circuit Court of the Twelfth Judicial Circuit in Sarasota, Florida, challenges his sentencing in that court on two grounds: it violates due process and exceeds the maximum sentence allowed by law.

    jj)    <u>Inmate Grievance dated January 25, 2004 (Exhibit JJ)</u>

Grievance Statement: "regarding the attached, by sending my mail out under directive #724, which was approved by Ms. Keith on 12/17/03. Yet the correspondence sent have failed to reach their destination as of this date; Honorable Alvin T. Wong Dekalb C. Ga; Clerk of Court Sarasota #99-14787-F; various mailings. Then on 1/16/04 I was brought to the Sargent's offc., of my legal correspondences was returned in Alachua Co. envelope without proper postage attached with a note stapled to it; to mailroom please affix proper postage under Directive #724 for indigent legal mail., Lt. Hudson and Sgt. Swallows and others; asking why I used sheriffs envelopes? Lt. Hudson said: commissary allows (2) envelopes a week and there is no provision for indigent legal mail postage, violating access to the Courts under Const. I've contacted the postal inspector to inv. the tampering of this inmate's mail at Main St. Station. Remedy: I need my legal mail returned, so I may barter and trade my food off my trays to get postage to mail these out, violating Jail policy, but my legal mail must be sent; I need legal mail for the case #01021600 Dekalb Co. Ga; 99-14787-F Sarasota; 01-2003-Cf2733 Gainesville case. Please return if you will not mail."

    kk)    <u>Order denying Motion for Post Conviction Relief (Exhibit KK)</u>

Dated January 29, 2004, and signed by Circuit Judge Andrew D. Owens, Jr., the order addresses two grounds for relief, which it characterizes as denial of ineffective assistance of counsel and denies in part because Plaintiff's pro se motion to correct illegal sentence was granted in part and remedied the court's failure to credit him properly with jail time served.

## II.    Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).[4] All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of

---

[4] By Order dated May 18, 2005, Plaintiff was advised of his responsibility to engage in discovery and support his response with evidentiary materials (doc. 41), but Plaintiff sought no discovery and attached no evidentiary support to his response. (See Doc. 82).

proof. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." <u>Mize v. Jefferson City Board of Education</u>, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, <u>Celotex</u>, <u>supra</u> at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. <u>Gauck v. Meleski</u>, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendants' Relevant Evidence**

a)    <u>Affidavit of Major Robert Chapman (Doc. 42, Exhibit 1)</u>

Chapman attests to the policy of the Alachua County Jail that postage be provided to inmates for legal mail and be allowed case material for their criminal cases and for conditions of confinement cases, but not when there is an attorney representing them. He has attached the jail regulations (exhibits A and B). He has also attached reports showing that Plaintiff received 18 indigent packs from October 8, 2003, through January 20, 2004,

which each included 2 stamped envelopes, paper and hygiene items. (Exhibit C). He left Alachua County Jail on February 3, 2004.[5]

b) <u>Affidavit of Lee Hudson</u>

Hudson denies all the claims against him and recalls only one confrontation with Plaintiff about the mail which involved a letter Plaintiff had mailed using the jail's letterhead and insignia.

c) <u>Affidavit of Ray Swallows</u>

Swallows denies all the claims against him, but was present during the confrontation by Hudson regarding use of the jail's pre-printed envelopes.

d) <u>Affidavit of Kim Calvin</u>

Calvin recalls only one instance when Plaintiff asked her for stamps, but she directed him to classification because she did not distribute such items.

e) <u>Affidavit of Mary Bauer (doc. 61, exhibit A)</u>

Bauer attests that Plaintiff was not pro se according to jail records and she told him so, but that she did not recall him showing her proof that he was pro se or that he needed additional time to prepare for a hearing. Also, she said he was able to go to the law library with his pod. Bauer attests that she was not responsible for issuing or affixing stamps to legal mail.

**III.    Analysis**

a) <u>Access to Court</u>

---

[5] Chapman attests that Plaintiff was in the Alachua County Jail through February 3, **2005**, but the Resident History Report submitted by the jail ends on January 28, **2004**, and the court docket shows a change of address to Okaloosa Correctional Institution on February 23, 2004. Thus, the Court will assume that **2005** is incorrect.

In <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996), the Supreme Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

1.   The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.

2.   The prisoner must show the claim to which he was impeded was not frivolous.

3.   The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

*Id.* at 1281-83.

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* <u>Lewis</u>, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.  Further, there is no actual injury within the meaning of <u>Lewis</u> when a pre-trial detainee is represented by counsel.  <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998). Examples of actual injury as described in <u>Lewis</u> are missing deadlines or being prevented from filing claims in civil rights actions, and direct or collateral attacks on convictions. <u>Lewis</u>, <u>supra</u>, at 348.

From what the Court can glean from the pleadings and exhibits, Plaintiff was extradited from Dekalb County, Georgia, where he was being held on detainer from a warrant issued by the Circuit Court in Sarasota for violation of probation.  (Doc. 27, Exhibit G, Doc. 42, Exhibit 1-C).  He was transferred on October 3, 2003, to Alachua County Jail and had a first appearance on October 6, 2003, on the violation of probation charges from Sarasota (#99CF014787-Dealing in Stolen Property) and for Credit Card Fraud

(#2003CF010200NC). (Doc. 27, Exhibit A, Doc. 42, Exhibit 1-C). He was denied a public defender at this proceeding. (Doc. 27, Exhibit A). The violation of probation charges arose in Sarasota County from a conviction on March 14, 2000, to which he was sentenced to 60 months. (Doc. 27, Exhibit C). It appears that the credit card fraud charges were new and may have formed the basis for the violation of probation, but this is unclear.

Plaintiff has consolidated his facts into two claims both arising under the First Amendment and both complaining that the Defendants denied him access to the court: (1) Stamps, asserted against Major Chapman for having an unconstitutional policy at the jail with regard to stamps, and against Sgt. Calvin, Lt. Hudson, and Sgt. Swallows for various instances of denying him additional stamps for mailing legal work; and (2) Law Library time, asserted against Mary Bauer for denying him additional visits and additional time to conduct research. (See Section VI, as supplemented with additional pages attached to complaint).


Attached to the amended complaint are five legal documents related to the violation of probation charges in Case No. 99-14787, which Plaintiff claims were impeded by the actions of the Defendants: (1) Motion to Dismiss (doc. 27, exhibit C); (2) Demand for Speedy Disposition (doc. 27, exhibit G); (3) Motion to Correct Illegal Sentence (doc. 27, exhibit U); (4) Motion to Compel (doc. 27, exhibit L); and (5) Motion for Post-Conviction Relief. (Doc. 27, Exhibit II).

A review of these papers establishes the first and second elements of the Lewis factors in Plaintiff's favor, in that they are all related to an attack on his sentence and are not on their face frivolous. Thus, the Court must examine whether the Defendants' actions actually impeded his capability to file these actions, *i.e.* whether Plaintiff suffered actual

injury by their actions.

Initially, the Court notes that Plaintiff was involved in several court cases and may have been represented in one proceeding, but not the others. Thus, Defendants argument that Plaintiff had counsel does not address the whole issue. Defendants reference Mary Bauer's response to Plaintiff's request for law library time as "proof" that he had an attorney. (See Doc. 42, p. 9 referencing Doc. 27, Exhibit T). However, her response without more does not establish that Plaintiff had an attorney for the post-conviction proceedings to which these documents pertain, especially in light of his proof, *i.e.* the first appearance order, that shows he was denied counsel. All of the legal papers at issue were indeed filed *pro se*, and the court orders ruling on the papers make no mention of counsel nor were they served on an attorney. Thus, based on the evidentiary material before the Court, the undersigned finds that Plaintiff did not have counsel for the proceedings relative to the violation of probation charges.

However, Plaintiff also claims that he needed more library time to prepare for a Nelson-Farretta hearing and that Defendant Bauer denied him library time so he could prepare for this hearing. (Doc. 27, p. VI). If Bauer was referring to his attorney for these proceedings, she was likely correct since Plaintiff explains in his response to the motion for summary judgment that this hearing concerned Case No. 03-CF2733 in Alachua County and that if he had been better prepared he would not have had to plead guilty. (Doc. 82, p. 6). Plaintiff has provided no other papers or information on this court case, but if indeed he was preparing for trial on these charges he was represented by counsel, and he cannot show actual injury under such circumstances. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).

However, the undersigned does not find that Plaintiff suffered actual injury as to the post-conviction proceedings in which he was apparently proceeding pro se either for the following reasons. Despite his claims that he was denied additional stamps, none of the legal papers were denied as untimely, *i.e.* obviously Plaintiff was able to mail the papers timely and received a ruling on the merits. Although he claims that he was forced to sell food in order to pay for the postage and that this was unconstitutional, he must still show actual injury to obtain relief.[6] Further, according to Major Chapman, Plaintiff was provided indigent packs which included two stamps per week. (Doc. 42, Exhibit 1-C). Plaintiff has offered no evidence to support his claim that this amount of postage was insufficient and hindered his legal mailings. The Eleventh Circuit has held that an inmate does not have an unlimited right to postage, Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985), and two stamps a week has been held constitutionally sufficient by the United States District Court for the Middle District of Florida. Hargrove v. Henderson, 1996 WL 467516 (M.D. Fla.). Absent some proof to the contrary, it does not appear in this case that the policy of the Alachua County Jail to limit inmates to two stamps a week hindered Plaintiff's access to the courts. Thus, Plaintiff's claims against Defendants Chapman, Calvin, Hudson and Swallows for denying him additional stamps should be dismissed.

Likewise, Plaintiff has failed to show that Bauer's denial of additional law library time

---

[6] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

caused the denial of any of the legal papers he filed. Although he claims that his motions were denied for using the wrong cites and that if he had been granted additional library time he could have used the correct cites and obtained the relief he sought, none of the orders on his *pro se* filings denied him relief on this basis. Indeed, he won a considerable victory through his motion to correct illegal sentence by obtaining 510 additional days against his sentence for jail time served. (See Doc. 27, Exhibit X). Thus, Plaintiff has failed to show how denial of additional library time caused him actual injury and his claims against Mary Bauer should also be dismissed.

      b)    <u>Injunctive relief</u>

Finally, Plaintiff seeks only injunctive relief. An inmate's claim for injunctive or declaratory relief in a 1983 case is rendered moot upon his transfer to another institution. <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988), citing <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985). <u>See</u> <u>also</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 399 (11th Cir. 1986). Plaintiff is no longer in the custody of the Alachua County jail and has not been since shortly after the complaint was filed in January 2004. (See Doc. 6).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 42) be **GRANTED**, and this cause **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **19**[th] day of January, 2007.


                **S/ A. KORNBLUM** _____
                **ALLAN KORNBLUM**

**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.