IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN LEO NORMAN,

    Plaintiff,
v.                                                          CASE NO. 1:04-cv-00005-MP-AK

MARY BAUER,
et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 101, Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion for summary judgment, Doc. 42, be granted, and that Plaintiff's second amended complaint, Doc. 27, be dismissed with prejudice. The Magistrate Judge filed the Report and Recommendation on Friday, January 19, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has been made.

In his complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that the Defendants have denied him access to the courts in violation of the First Amendment. Specifically, Plaintiff, who is presently incarcerated, charges that the Defendants violated his constitutional rights by denying him additional stamps for mailing legal work, and by denying him additional visits and additional time to conduct research at the law library. After a thorough examination of the record and the prior actions brought by Plaintiff, the Magistrate recommends granting Defendants' motion to dismiss because Plaintiff has not demonstrated an actual injury,

as is required to prove denial of the access to courts under <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). The Magistrate points out that limiting indigent inmates to two free stamps per week has been found to pass constitutional muster, and that Plaintiff has not proven that this policy has hindered his access to the courts. Further, the Magistrate notes that none of the orders cited by Plaintiff denied him relief on the basis of incorrect legal citations, which Plaintiff alleges as the actual injury for being denied additional time and access to the law library. Indeed, as Plaintiff himself repeatedly states, pro se pleadings are liberally construed, with courts reviewing such pleadings to see if they could reasonably state a claim irrespective of proper citation to legal authority.

Plaintiff has filed objections to the Magistrate's Report. Doc. 103. First, Plaintiff requests an extension of time in which to file additional objections, stating that he is still being denied access to the law library. Since the Magistrate's Report based its recommendations on facts entirely within Plaintiff's control, and because Plaintiff states that evidence in the record refutes the Magistrate's position, the Court finds no reason to grant an extension. The remainder of Plaintiff's objections merely disagree with the Magistrate's Report without addressing the issue of demonstrating an actual injury. Therefore, having considered the Report and Recommendation, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 101, is adopted and incorporated by reference in this order;

2. Defendants' Motion for Summary Judgment, Doc. 42, is GRANTED;

3. This case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this  *13th* day of February, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
